UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

    Plaintiffs/Counter-Defendants,

File No. 1:09-CV-1142

v.

HON. ROBERT HOLMES BELL

MONSTER MEDIC, INC.,

    Defendant/Counter-Plaintiff.
    _____/

**O P I N I O N**

This action for patent infringement comes before the Court on Defendant/Counter-Plaintiff Monster Medic, Inc.'s motion to stay litigation pending its request for reexamination and during reexamination of the patent-in-suit. (Dkt. No. 12.) For the reasons that follow, the motion to stay will be denied.

**I.**

Plaintiffs Stryker Corporation and Stryker Sales Corporation (collectively referred to as "Stryker") filed this action against Defendant Monster Medic, Inc. ("Monster Medic"), alleging that Monster is infringing one or more claims of Stryker's United States Patent No. 7,398,571 ("the '571 patent") entitled "Ambulance Cot and Hydraulic Elevating Mechanism Therefor." (Dkt. No. 1, Compl.) Monster Medic has filed a counterclaim alleging non-infringement and invalidity of the '571 patent. (Dkt. No. 9, Counterclaim.)

On February 19, 2010, Monster Medic filed a request with the United States Patent and Trademark Office ("PTO") for *inter partes* reexamination of the '571 patent. On April 14, 2010, the PTO granted Monster Medic's request for reexamination and issued its first office action. (Dkt. No. 18, Supp. to Mot. to Stay, Ex. A, Order Granting Request for Reexam.; Dkt. No. 19, Resp. to Supp., Ex. A, Office Action.) The PTO Examiner rejected claims 1, 5-9, and 11-15 of the '571 patent as unpatentable because they were anticipated by prior art, but confirmed claims 2-4 and 10 as patentable because the cited prior art did not teach the subject matter of these claims. (Office Action.)

Because the PTO has granted Monster Medic's request for reexamination, Monster Medic's motion for a stay pending a decision on its request for reexamination has been rendered moot. The reexamination, however, is not yet complete. The first office action on the reexamination is not a final order. Stryker, as the patent owner, has an opportunity to respond to the office action, and Monster Medic will have an opportunity to comment on Stryker's response. (Office Action 1.) Accordingly, the Court is still required to consider Monster Medic's request that the stay be continued during reexamination.

In determining whether to stay litigation pending reexamination of a patent by the PTO, courts generally consider the following three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery has been completed or a trial date has been set. *See*, *e.g.*, *Magna Donnelly Corp. v. Pilkington*

*N. Am. Inc.*, 4:06-CV-126, 2007 WL 772891, at *2 (W.D. Mich. Mar. 12, 2007) (citing cases). The potential advantages of staying litigation pending reexamination of a patent include:

> the narrowing or elimination of issues, the alleviation of discovery problems, the encouragement of settlement, the benefit to the court of PTO expertise, the simplicity of introducing the PTO record as evidence at trial, and the reduction of costs for both the parties and the court.

*Id.*

These advantages, however, must be weighed against the potential prejudice of a stay. The parties have presented evidence that the reexamination process within the PTO itself generally exceeds two years, and if the stay includes appeals, the time to reach a final decision on reexamination may exceed six years. Stryker contends that delaying the litigation will increase the degree to which Stryker is damaged by Monster Medic's entry into the power ambulance cot marketplace with a product that infringes on Stryker's patented technology. (*See* Dkt. No. 17, Morton Decl. ¶¶ 5-6, asserting damages in the form of lost profits, lost customers, potential price erosion, and damage to its reputation).

Stryker has represented that it will assert infringement of at least claims 2, 3, and 10 in this litigation. The Examiner has confirmed the validity of these claims and has explained why the claims are not patentable over the prior art cited by Monster Medic. It appears to this Court that, in light of the Examiner's reasoned explanation for rejecting eleven claims and confirming four claims of the '571 patent, most of the benefits of a stay have already been accomplished. Under these circumstances, it appears that any additional advantages

that would be gained by a stay pending complete resolution of the reexamination process are outweighed by the potential prejudice caused by a stay. Accordingly, Monster Medic's motion for a stay until completion of the reexamination of the '571 patent will be denied without prejudice to renew the motion should changed circumstances suggest that the benefits of a stay would outweigh the prejudice.

    An order consistent with this opinion will be entered.

Dated: May 20, 2010                         /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE